IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

LENORA HORTON, et al.,

        Plaintiffs,

v.                                                          CIVIL ACTION NO. 2:16-cv-05361

FAMILY DOLLAR STORES
OF WEST VIRGINIA INC., et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Family Dollar Stores of West Virginia, Inc.'s ("Family Dollar") Motion for Summary Judgment. (ECF No. 24.) For the reasons provided below, the Court **GRANTS** the motion.[1]

*I. BACKGROUND*

Plaintiffs Lenora Horton and Arthur Horton brought this action against Family Dollar and John/Jane Doe, alleging causes of action arising out of a fall that Ms. Horton suffered at a Family Dollar store located in Charleston, West Virginia. (*See* ECF No. 1-2 at 2.) Plaintiffs filed the Complaint in the Circuit Court of Kanawha County, West Virginia, on March 18, 2016. (*See id.*) The Complaint alleges that on May 25, 2014, Ms. Horton visited a Family Dollar store wherein

---

[1] The Court notes that Family Dollar's Motion to Strike Plaintiffs' Disclosure of Dr. Bruce A. Guberman is also pending. (ECF No. 23.) Because the current memorandum opinion and order disposes of this case, the motion to strike is **DENIED AS MOOT**.

she fell and injured herself due to a negligently maintained mat.[2]  (*Id.* at 3 ¶¶ 4–6.)  According to the Complaint, "Family Dollar, owner of the premises, or Doe, an employee/manager, should have known of the dangerous surface because a 'reasonable' person taking care of the property would have discovered and removed or repaired it."  (*Id.* at 3–4 ¶ 10.)  Plaintiffs assert the following four causes of action: (1) negligence, (2) premises liability, (3) loss of consortium, and (4) punitive damages.  (*See id.* at 3–5 ¶¶ 9–21.)  They request an array of relief in the following forms:

> [L]ost wages and benefits, back pay, front pay, damages for indignity, embarrassment, humiliation, annoyance, inconvenience, emotional distress, and punitive damages . . . [p]ast/present/future: lost wages, loss of consortium, medical bills, pain/suffering, loss of enjoyment of life . . . [p]re[-] and post[-]judgment interest . . . attorneys' fees and costs . . . damages for intentional injury . . . punitive damages for intentional injury . . . [d]amages for outrage/intentional infliction of emotional distress[,] and [s]uch other and further relief as this Court may deem just and equitable.

(*Id.* at 6.)

On June 14, 2016, Family Dollar removed the case to this Court pursuant to 28 U.S.C. §§ 1332, 1441.  (ECF No. 1.)  Family Dollar filed the current Motion for Summary Judgment on April 24, 2017.  (ECF No. 24.)  Plaintiffs responded to the motion on May 10, 2017,[3] (ECF No. 33), and Family Dollar filed a reply memorandum in support of its motion on May 12, 2017, (ECF No. 34).  The motion is fully briefed and ripe for adjudication.

---

[2] The mat at issue is referred to in the briefing as both "the mat" and "the rug."  Those terms are used interchangeably throughout this memorandum opinion and order to describe the mat on which Ms. Horton allegedly fell.
[3] The Court granted Plaintiffs' Motion to Extend Time to Respond to Defendant's Motion for Summary Judgment, and Plaintiffs filed their response in accordance with that order's deadline.  (ECF No. 35.)

## II. STANDARD OF REVIEW

Summary judgment is proper where the pleadings, depositions, and affidavits in the record show that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If factual issues exist that properly can be resolved only by a trier of fact because they may reasonably be determined in favor of either party, summary judgment is inappropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); s*ee also Pulliam Inv. Co., Inc. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). The moving party bears the burden of showing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 322–23. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Id.*

When determining whether there is an issue for trial, the Court must view all evidence in the light most favorable to the nonmoving party. *Mellen v. Brunting*, 327 F.3d 355, 363 (4th Cir. 2003). "[T]he issue of material fact required by Rule 56[a] to be present to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; rather, all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Anderson*, 477 U.S. at 248–49. The nonmoving party may not rest on the pleadings alone and must show that specific material facts exist by offering more than a mere "scintilla of evidence" in support of his or her position. *Id.* at 252. Lastly, the nonmoving party may not avoid summary judgment "by submitting an affidavit that conflicts with earlier deposition

testimony." *Alba v. Merrill Lynch & Co.*, 198 F. App'x 288, 300 (4th Cir. 2006) (citing *Barwick v. Celotex Corp.*, 736 F.2d 946, 960 (4th Cir. 1984)).

### III. DISCUSSION

Family Dollar moves for summary judgment, arguing that there is no issue of material fact regarding the state of the mat upon which Ms. Horton allegedly fell and that no negligent conduct has been proven. (*See* ECF No. 25 at 1–2.) Further, Family Dollar argues that Plaintiffs have not shown that Ms. Horton's alleged injuries were proximately caused by her fall on May 25, 2014. (*See id.*) Plaintiffs contend in their response that "there is a factual dispute as to the reason for the event (trip and fall), notice of the defective condition, and injuries sustained." (ECF No. 33 at 1.) Plaintiffs attach an affidavit by Ms. Horton in support of their argument that a factual dispute exists to preclude summary judgment. (*See* ECF No. 33-1.) In its reply, Family Dollar reiterates the arguments within its initial memorandum and notes that "Plaintiffs' Response fails to bring forth any record evidence to attempt to even establish these alleged material facts or that a genuine issue of material fact remains for any of their claims and damages to survive summary judgment." (ECF No. 34 at 2.) Family Dollar argues that Ms. Horton's affidavit attached to Plaintiffs' response "goes completely against the record evidence, which includes Plaintiff Lenora Horton's deposition testimony and discovery responses." (*Id.* (categorizing the exhibit as a "self-serving, sham Affidavit").)

The law governing negligence in West Virginia is well settled. *See, e.g.*, *Wheeling Park Comm'n v. Dattoli*, 787 S.E.2d 546, 551 (W. Va. 2016). "[I]t is incumbent upon the plaintiff to establish, by a preponderance of the testimony, three propositions: (1) [a] duty which the defendant owes him; (2) [a] negligent breach of that duty; [and] (3) injuries received thereby, resulting

proximately from the breach of that duty." *Id.* (quoting *Webb v. Brown & Williamson Tobacco Co.*, 2 S.E.2d 898, 899 (W. Va. 1939)); *see also Grose v. W. Va. Alloys, Inc.*, No. 15-3818, 2016 WL 2587190, at *3 (S.D. W.Va. May 4, 2016) (citing *Hersh v. E-T Enters., Ltd. P'ship*, 752 S.E.2d 336, 341 (W. Va. 2013)). "Liability of a person for injury to another cannot be predicated on negligence unless there has been on the part of the person sought to be charged some omission or act of commission in breach of duty to the person injured." *Morrison v. Roush*, 158 S.E. 514, 515 (W. Va. 1931). Significantly, the West Virginia Supreme Court of Appeals has held the following:

> The ultimate test of the existence of a duty to use care is found in the foreseeability that harm may result if it is not exercised. The test is, would the ordinary man in the defendant's position, knowing what he knew or should have known, anticipate that harm of the general nature of that suffered was likely to result?

Syl. pt. 3, *Sewell v. Gregory*, 371 S.E.2d 82 (1988).

Within the context of premises liability negligence cases, property owners owe to non-trespassers "the duty of reasonable care to have and keep [the] premises in safe condition."[4] *Scaggs v. United States*, No. 2:14–cv–19304, 2015 WL 4276286, at *2 (S.D. W.Va. July 14, 2015)

---

[4] The Court notes that Plaintiffs seem to argue in their response to the motion that Family Dollar's duty to invitees of its business is established by "ASTM F1637-13—Standard Practice for Safe Walking Surfaces, which is the authority covering design and construction guidelines and minimum maintenance criteria for new and existing buildings and structures . . . ." (ECF No. 33 at 6.) As provided in Plaintiffs' response, those standards provide the following:

> Carpet – Shall be maintained so as not to create pedestrian hazard by being firmly secured and not having loose or frayed edges, wrinkles or other trip hazards that may cause trip.
>
> Mats – To be placed at building entrances and interior walkways where needed to keep them dry during inclement weather and shall be maintained so as not to create pedestrian hazards, as shall area rugs.

(*Id.* at 7.) Family Dollar correctly points out, however, that regulations promulgated by the State of West Virginia do not appear to recognize ASTM standards as having any force or effect in West Virginia. (*See* ECF No. 34 at 7.) *See generally* W. Va. Code R. § 87-4-4 (omitting ASTM from a listing of national standards and codes that enjoy force and effect in West Virginia). Thus, Family Dollar's duty of care is provided by common law.

(alteration in original) (citation omitted) (quoting *Sesler v. Rolfe Coal & Coke Co.*, 41 S.E. 216 (W. Va. 1902)); *see also Hoschar v. Appalachian Power Co.*, 906 F. Supp. 2d 560, 564 (S.D. W.Va. 2012) (citing *Senkus v. Moore*, 535 S.E.2d 724, 727 (W. Va. 2000)). Further, the West Virginia Supreme Court of Appeals has set out the following factors to consider when determining whether a defendant facing a premises liability claim has breached its legal duty of care:

> In determining whether a defendant in a premises liability case met his or her burden of reasonable care under the circumstances to all non-trespassing entrants, the trier of fact must consider (1) the foreseeability that an injury might occur; (2) the severity of the injury; (3) the time, manner and circumstances under which the injured party entered the premises; (4) the normal or expected use made of the premises; and (5) the magnitude of the burden placed upon the defendant to guard against injury.

Syl. pt. 6, *Mallet v. Pickens*, 522 S.E.2d 436 (W. Va. 1999); *see also* Syl. pt. 3, *Puffer v. Hub Cigar Store, Inc.*, 84 S.E.2d 145 (W. Va. 1954), *quoted in Neely v. Belk Inc.*, 668 S.E.2d 189, 198–99 (W. Va. 2008). The first element, dealing with foreseeability of injury, is particularly crucial in the analysis because the owner or occupier of the premises "must have had actual or constructive knowledge of the defective condition which caused the injury." *Neely*, 668 S.E.2d at 199 (quoting *Hawkins v. U.S. Sports Ass'n, Inc.*, 633 S.E.2d 31, 35 (W. Va. 2006)). As this Court noted in *Scaggs*, "an owner of business premises is not legally responsible for every fall which occurs on his premises. He is only liable if he allows some hidden, unnatural condition to exist which precipitates the fall." 2015 WL 4276286, at *3 (quoting *McDonald v. Univ. of W. Va. Bd. of Trustees*, 444 S.E.2d 57, 60 (W. Va. 1994)); *see also* W. Va. Code § 55-7-28 ("Limiting civil liability of a possessor of real property for injuries caused by open and obvious hazards.").

Here, Plaintiffs allege that Ms. Horton suffered injuries from a fall caused by a mat that was "in disrepair, and negligently maintained" inside a Charleston Family Dollar store. (ECF No.

1-2 at 3 ¶¶ 4–5.) Ms. Horton's deposition, however, lends credible evidence to the proposition that the mat allegedly causing her fall was not in disrepair nor negligently maintained. (*See* ECF No. 24-1.) After testifying that she remembered seeing the black mat when entering the store, her deposition continued as follows:

> Q. Did you happen to notice if there was [sic] any places where it was worn or torn or anything?
>
> A. No. I did not notice.
>
> . . .
>
> Q. When you walked into the store, did it cross your mind -- or did you think that there was anything dangerous about that rug going into the store?
>
> A. No, sir.
>
> Q. Did it appear to have any holes in it or anything?
>
> A. No, sir. It didn't.
>
> Q. When you walked over the rug going into the store, do you recall if it happened to slide or move in any way?
>
> A. No, sir.
>
> Q. Did there appear to be any type of wet spots in that area where somebody had mopped up or put up wet signs or anything?
>
> A. No, sir.

(*Id.* at 5–6.) The closest that Ms. Horton comes in her deposition to suggesting that the mat or rug was defective or that the premise was not safely maintained is in response to a question asking whether she noticed anything about how the mat was laying or positioned as she was getting ready to leave the store. She stated that "[i]t wasn't straight across. It was kind of like catty-corner." (*Id.* at 9.) After reiterating that the rug "was kind of like crooked," Ms. Horton testified that her

left foot got caught on the rug, which caused her to fall. (*See id.* at 10, 13.) She does not suggest at that time that the rug was bunched or turned up in any place, nor does she insinuate that there was any other problem with the rug. Later in her testimony, however, she claims that she could not remember if the rug had a tear but that she thought it "bunched up under [her] foot somehow." (*See id.* at 14.)

Family Dollar attached a surveillance video to its motion and an affidavit from a Family Dollar district manager representing that the video is authentic and that it completely and accurately reflects Ms. Horton's alleged fall when leaving the company's store on May 25, 2014. (*See* ECF No. 24-2; ECF No. 24-3 at 1–2.) The Court has viewed the video. Ms. Horton can be seen in the video frame beginning at minute 5:21. (*See* ECF No. 24-2.) She pushes open the door, turns back to look at the boy accompanying her, and as she crosses her feet on top of the metal strip in the door's frame, she falls forward outside the door. The fall clearly begins after both of her feet have left the mat, and the mat, which can be seen nestled against the door's frame, does not move before, during, or after the fall. Further, the boy following her and at least four other people soon exit the store behind her in a normal and expected manner. The mat continues to remain stationary as these individuals walk over it and out the door. This incontrovertible evidence shows the state of the mat at the time of Ms. Horton's fall and that her fall did not occur because of the mat. The Court agrees with Family Dollar that it plainly demonstrates that Ms. Horton's fall was not the result of any defect with the mat. (*See* ECF No. 25 at 7.)

Plaintiffs' response to the motion states in a conclusory manner that "it is highly foreseeable that a worn rug/mat that isn't secured to the floor could fold, or gather to create a tripping hazard, and/or that a mat/rug in disrepair could likewise cause a tripping hazard." (*See*

8

ECF No. 33 at 5.) While common sense supports this proposition, Plaintiffs do not provide the Court with evidence refuting the video footage or showing that the mat allegedly causing Ms. Horton's fall was in disrepair or a tripping hazard. The only evidence attached to the response is an affidavit by Ms. Horton, which the Court views as contradictory to her deposition and discovery responses attached to the motion. Despite her statements during a deposition on November 10, 2016, that she did not view any problems or defects with the mat before her fall, her affidavit signed on May 10, 2017, provides that "[a]fter [she] fell, [she] noticed the mat or rug was not lying flat against the floor and in poor condition." (*Compare* ECF No. 24-1 at 5–6, 9, *with* ECF No. 33-1 at 1.) Further, Ms. Horton's affidavit states the following: "Once I fell an individual whom I believe to be a manager or authorized agent of [Family Dollar], stated that the store/defendant needed to throw the rug away as it needed to be replaced anyway. The individual further stated that the subject mat or rug has been a problem long enough." (ECF No. 33-1 at 1.) This is in direct contradiction to an interrogatory response that she provided and that is attached to Family Dollar's motion. (*See* ECF No. 24-4 at 4 ("INTERROGATORY NO. 11: Please state whether any agent or employee of Defendant has made any statements or relayed any communications in any form to Plaintiff . . . regarding the events or happenings referred to in the Complaint . . . ANSWER: None."). *But see* ECF No. 34-1 at 2 ("Q. Did you . . . have any discussions with anybody about what happened? A. The manager came out. Q. What did you two talk about? A. She asked me what happened. Because she had to do an incident report.").)

The Court does not find that Ms. Horton's affidavit, which is signed the same date as its filing almost three years after the incident, creates a genuine dispute of material fact. As noted, it contradicts Ms. Horton's earlier testimony, and Plaintiffs provide no other extrinsic evidence

9

supporting the affidavit's assertions. The Fourth Circuit has noted the following regarding such conflicting testimony:

> A genuine issue of material fact is not created where the only issue of fact is to determine which of the two conflicting versions of the plaintiff's testimony is correct. If a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact.

*Alba*, 198 F. App'x at 300 (citing *Barwick*, 736 F.2d at 960 (quoting *Perma Research & Dev. Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969))).

Relying on the legitimate evidence presented, including the clear surveillance video, the Court finds that there is no genuine dispute of material fact regarding the condition of the rug on which Ms. Horton allegedly fell. *See Anderson*, 477 U.S. at 252 (noting that a plaintiff may not rest on the pleadings but must show that specific material facts exist). Neither her own testimony nor the surveillance video indicates a defect or other condition with the rug to support a finding that Family Dollar negligently breached its duty of care. Family Dollar must have had actual or constructive knowledge of a defective condition, *see Neely*, 668 S.E.2d at 199 (citation omitted), which does not appear to have existed in this case. The evidence demonstrates that it was not foreseeable that any customer of the Family Dollar store would trip and fall over the rug or in the manner Ms. Horton did.

In the absence of a breach of the duty of care, Family Dollar cannot be held liable for Ms. Horton's unfortunate and unpredictable injuries. *See Mallet*, 522 S.E.2d at 447. Similarly, none of the evidence suggests that Family Dollar failed to keep the premise in a safe condition or that it failed to prevent a foreseeable injury. Rather, the facts in this case support an entry of summary judgment because Plaintiffs did not meet their burden of stating a genuine issue of material fact

concerning a breach of duty under either a theory of negligence or premises liability.[5] In addition to the evidence relating to the rug's condition, evidence of the time, manner, and circumstances under which Ms. Horton entered the store similarly indicates that Family Dollar was in no position to anticipate that harm of the type suffered by Ms. Horton was likely to result. (*See* ECF No. 24-1 at 3 ("Q. Okay. Do you remember what the weather was like that day? A. It was beautiful. Q. No rain or anything at all? A. No.").) *Cf. Mallet*, 522 S.E.2d at 446–47. Because Plaintiffs failed to provide any evidence of negligence, they cannot recover damages under their loss of consortium claim, *see Raab v. Smith & Nephew, Inc.*, 150 F. Supp. 3d 671, 702 (S.D. W.Va. 2015) (citation omitted) (noting that "the derivative claim for loss of consortium is a mere incident to a cause of action and not the subject of an action itself"), nor can they recover punitive damages, *see Bennett v. Boston Scientific Corp.*, No. 2:13–cv–06641, 2015 WL 1931324, at *5–6 (S.D. W.Va. Apr. 28, 2015) ("In West Virginia, the 'law has long required more than a showing of simple negligence to recover punitive damages.'" (quoting *Bennett v. 3 C Coal Co.*, 379 S.E.2d 388, 394 (W. Va. 1989))). As such, Plaintiffs have not established a factual dispute that is material to this case, and summary judgment is appropriate.

## IV. CONCLUSION

For the reasons stated above, Family Dollar's Motion for Summary Judgment, (ECF No. 24), is **GRANTED**. Accordingly, this case is **DISMISSED** and retired from the docket of this Court.

**IT IS SO ORDERED**.

---

[5] Because the Court finds that no genuine issue of material fact exists as to Family Dollar's alleged breach of its duty of care, the Court will not indulge Plaintiffs' claim that Ms. Horton's injuries were proximately caused by her fall. (*See* ECF No. 1-2 at 4 ¶¶ 10–11.) Without a finding that Family Dollar breached its duty to Plaintiffs, proximate cause is not pertinent.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: May 26, 2017

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE